# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAISY MENENDEZ,<br><br>                    Appellant,<br><br>            v.<br><br>OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DOCKET NUMBER<br>AT-0841-15-0223-I-1<br><br><br><br>DATE: May 14, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Daisy Menendez</u>, Miami, Florida, pro se.

<u>Patrick Jennings</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, and AFFIRM the initial decision except as expressly MODIFIED by this Final Order. Specifically, we find that the administrative judge erred by not providing the appellant with explicit information on what was required to establish jurisdiction in this case, but this error did not prejudice the appellant's substantive rights and does not affect the outcome of the appeal.

¶2     The appellant filed an appeal contesting a reduction in her retirement annuity. Initial Appeal File (IAF), Tab 1. In response to the appeal, the Office of Personnel Management (OPM) stated that it had rescinded the reconsideration decision in the appellant's case, and it moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction because there was no final appealable decision from OPM. IAF, Tab 6.

¶3     If OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *See, e.g.*, *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). The appellant does not allege on review that the administrative judge was mistaken in finding that OPM rescinded its reconsideration decision and we find no basis to disturb that finding.

Accordingly, we find that the administrative judge correctly dismissed this appeal of lack of jurisdiction.

¶4    An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). An administrative judge's failure to provide this notice can be cured if the agency's pleadings or the initial decision contain the notice that was lacking, thus affording the appellant an opportunity to establish jurisdiction on review. *See, e.g.*, *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007). We find that the notice provided to the appellant was incomplete and that the initial decision and OPM's pleadings did not cure the deficiency. However, a reasonable person in the appellant's position should have realized upon receiving the initial decision that the question in this case was whether OPM had rescinded its reconsideration decision. She has had the opportunity on review to contest the finding that OPM rescinded its decision, but has not done so and there is no basis from the record for concluding that OPM has not rescinded the decision. Therefore, the administrative judge's failure to provide complete notice of the appellant's jurisdictional burden did not prejudice the appellant's substantive rights and provides no basis for reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.